**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 26-594 |
|  | ) | (Chapter 13) |
| Clayton J. Vopelak | ) |  |
| Debtor. | ) | Objection to Plan |
|  | ) |  |

COMES NOW DeWulf Farms, Inc. ("DeWulf Farms"), who files this Objection to Plan, and in support thereof states as follows:

I.      BACKGROUND.

1.      Prior to the petition date, Clayton J. Vopelak (the "Debtor") sold certain John Deere tractors to DeWulf Farms for approximately $110,000. At the time of that sale, the tractors were subject to perfected security interests held by Farm Credit Services of America, PCA ("FCSAmerica, PCA"), and the governing loan documents prohibited any transfer of the collateral without FCSAmerica, PCA's prior written consent.

2.      The Debtor failed to disclose the existence of the liens or the transfer restrictions to DeWulf Farms. After independently discovering the liens, and in order to protect and preserve its ownership interest in the tractors, DeWulf Farms was compelled to pay approximately $86,000 to FCSAmerica, PCA to obtain a release of those liens.

3.      During the section 341 meeting, Debtor testified that the $110,000 sale proceeds were paid to FCSAmerica, PCA but were allegedly applied to different collateral and not to the tractors purchased by DeWulf Farms. DeWulf Farms is investigating that assertion.

## II.   OBJECTION BASED UPON IMPROPER CLASSIFICATION OF CLAIM.

4.     The Plan improperly classifies DeWulf Farms as a general unsecured creditor. Where a party who is not a mere volunteer pays a debt secured by a lien on property in order to protect its own interest in that property, that party is subrogated to the rights of the paid secured creditor. See 11 U.S.C. § 509(a) (an entity liable with, or that secures the claim of, a creditor is subrogated to the rights of that creditor to the extent of payment); id. § 502(e)(1)(C) (recognizing claims asserting subrogation rights under section 509 of title 11 of the United States Code (the "Bankruptcy Code")).

5.     By paying approximately $86,000 to satisfy the perfected security interests of FCSAmerica, PCA encumbering the tractors, DeWulf Farms succeeded, under the doctrine of equitable subrogation and applicable nonbankruptcy law, to FCSAmerica, PCA's rights, priorities, remedies, and security interests to the extent of that payment. DeWulf Farms therefore holds a secured claim to the extent of $86,000, and the Plan's treatment of that claim as wholly unsecured is legally erroneous and precludes confirmation.

## III.   OBJECTION BASED UPON EQUITABLE SUBROGATION.

6.     DeWulf Farms did not voluntarily pay FCSAmerica, PCA. The payment was made under compulsion, to protect DeWulf Farms' pre-existing ownership interest in the tractors, and it discharged an obligation for which the Debtor was primarily liable. Equitable subrogation "provides that 'one who has been compelled to pay a debt that ought to have been paid by another is entitled to exercise all remedies [that] the creditor possessed against the other.'" State, Dep't of Hum. Servs.

2

ex rel. Palmer v. Unisys Corp., 637 N.W.2d 142, 156 (Iowa 2001) (citing Am. Sur. Co. of N.Y. v. Bethlehem Nat'l Bank of Bethlehem, Pa., 314 U.S. 314, 317 (1941)). Equitable subrogation applies where (i) the payment was made to protect the payor's own interest, (ii) the payor did not act as a volunteer, (iii) the payor was not primarily liable for the debt, (iv) the entire debt was satisfied, and (v) subrogation would not work an injustice to the rights of others.

7. Each element is satisfied here. Equity does not permit the Debtor to retain the benefit of the satisfaction of FCSAmerica, PCA's secured claim while relegating DeWulf Farms-whose funds discharged that claim-to general unsecured status. To the extent the $86,000 payment discharged or reduced FCSAmerica, PCA's secured indebtedness, DeWulf Farms is equitably subrogated to FCSAmerica, PCA's rights against the Debtor and the collateral.

## IV. OBJECTION UNDER 11 U.S.C. § 1325(a)(3).

8. The Plan has not been proposed in good faith and cannot be confirmed. See 11 U.S.C. § 1325(a)(3) (plan must be "proposed in good faith and not by any means forbidden by law"). In this Circuit, good faith is assessed under the totality of the circumstances, and the Debtor's pre-petition conduct and the circumstances under which the debt was incurred are relevant considerations. See Handeen v. LeMaire (In re LeMaire), 898 F.2d 1346, 1348–49, 1352 (8th Cir. 1990) (en banc); In re Estus, 695 F.2d 311, 316–17 (8th Cir. 1982).

9. Here, the Debtor sold collateral subject to perfected liens in violation of the governing loan documents, failed to disclose those liens and transfer restrictions, and thereby caused DeWulf Farms to incur substantial cost to obtain their release.

3

The Plan compounds that conduct by treating DeWulf Farms solely as an unsecured creditor and failing to acknowledge its equitable-subrogation claim. Under the totality of the circumstances, the Plan represents an abuse of the provisions, purpose, and spirit of Chapter 13 and was not proposed in good faith.

V.      OBJECTION UNDER 11 U.S.C. § 1325(a)(4).

10.      The Plan cannot be confirmed unless the value, as of the effective date of the Plan, of property to be distributed on account of each allowed unsecured claim is not less than the amount that would be paid on such claim in a Chapter 7 liquidation. 11 U.S.C. § 1325(a)(4). DeWulf Farms presently lacks sufficient information to determine whether the Plan satisfies this liquidation test. Discovery is necessary concerning, among other things, the tractors and their value, the sale proceeds, FCSAmerica, PCA's application of payments, the value of the Debtor's collateral, and any potential estate causes of action. The Debtor, as proponent, bears the burden of establishing that each requirement of section 1325(a) of the Bankruptcy Code is met. In re Vantiger-Witte, 2008 WL 4493426 at *3 (Bankr. N.D. Iowa Sept. 29, 2008) (unpublished) ("Generally, the debtor has the ultimate burden to prove a Chapter 13 plan meets all the requirements for confirmation, including that it was filed in good faith under § 1325(a)(3).").

VI.      OBJECTION UNDER 11 U.S.C. § 1325(a)(6).

11.      The feasibility of the Plan cannot be determined because the Debtor has provided inconsistent information concerning the disposition of the tractor sale proceeds and the resulting debt structure. The Debtor testified that the proceeds were used to satisfy the lien on the tractor. Available information indicates FCSAmerica,

4

PCA applied those funds elsewhere. Until the actual debt obligations, collateral position, and resulting claims are determined, the Court cannot conclude that the Debtor will be able to make all payments required under the Plan.

12.     The Plan fails to establish that the Debtor's farming operation will generate sufficient disposable income to satisfy plan obligations while paying ongoing operating expenses, taxes, equipment costs, crop expenses, and secured debt service.

13.     The Plan is not feasible because it does not account for DeWulf Farms' claim. If DeWulf Farms is entitled to equitable subrogation to FCSAmerica, PCA's lien position, or alternatively holds an unsecured claim substantially larger than that reflected by the Plan, the Debtor has not demonstrated the ability to fund the increased obligations that would result.

VII.    NONDISCHARGEABILITY OF THE DEBT.

14.     The debt owed to DeWulf Farms may be nondischargeable. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt for money or property obtained by false pretenses, a false representation, or actual fraud. See 11 U.S.C. § 523(a)(2)(A). These exceptions to discharge apply in Chapter 13. See id. § 1328(a)(2) (excepting from the Chapter 13 discharge debts of the kind specified in section 523(a)(2) of the Bankruptcy Code).

15.     To establish nondischargeability under section 523(a)(2)(A) of the Bankruptcy Code, a creditor must show that the debtor made a misrepresentation with the intent to deceive, upon which the creditor justifiably relied, and which caused the creditor to sustain a loss. A debtor's concealment or nondisclosure of a material fact can constitute a false pretense or false representation for this purpose.

5

16.     Here, the Debtor sold the tractors to DeWulf Farms while concealing both the existence of FCSAmerica, PCA's perfected security interests and the loan documents' prohibition on transfer of the collateral without FCSAmerica, PCA's prior written consent. Had DeWulf Farms known of the liens and transfer restrictions, it would not have purchased the tractors on the terms it did or would have insisted that the liens be released as a condition of the sale. As a direct and proximate result of the Debtor's concealment, DeWulf Farms was compelled to pay approximately $86,000 to FCSAmerica, PCA to obtain a release of those liens and preserve its ownership interest. The debt arising from this conduct is therefore of a kind excepted from discharge under section 523(a)(2)(A) of the Bankruptcy Code.

17.     DeWulf Farms expressly reserves the right to commence a timely adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 and section 523(a) of the Bankruptcy Code to determine the nondischargeability of its claim. The Debtor's fraudulent concealment is likewise relevant to the good-faith inquiry under section 1325(a)(3) of the Bankruptcy Code and independently supports denial of confirmation.

VIII.   RESERVATION OF RIGHTS.

18.     DeWulf Farms files this Objection without waiver of, and expressly reserves, all of its rights, claims, remedies, and defenses. DeWulf Farms reserves the right to amend, modify, or supplement this Objection at any time and for any reason, including to assert additional grounds for denial of confirmation as further information is obtained through discovery or otherwise.

6

19.   Nothing in this Objection shall be deemed a waiver of any right of DeWulf Farms to assert or pursue any claim, cause of action, or right against the Debtor, the estate, or any other party in interest, whether arising under the Bankruptcy Code or applicable nonbankruptcy law, including any claim for the full amount of its damages and any secured, priority, or administrative status to which it may be entitled.

20.   The failure to raise any particular argument or objection herein shall not constitute a waiver of, or otherwise prejudice, DeWulf Farms' ability to raise such argument or objection at any hearing on confirmation or in any related proceeding.

[*Remainder of Page Intentionally Left Blank;*
*Prayer for Relief, Signature, and Certificate of Service Follow*]

WHEREFORE, DeWulf Farms respectfully requests that the Court:  (a) deny confirmation of the Plan; (b) determine that the Plan improperly classifies DeWulf Farms' claim and that DeWulf Farms holds a secured claim by virtue of equitable subrogation; (c) require amended treatment of DeWulf Farms' claim consistent with that determination; (d) alternatively, continue the confirmation hearing to permit discovery; (e) permit DeWulf Farms to amend or supplement this Objection; and (f) grant such other and further relief as is just and proper under the circumstances.

Dated:  July 28, 2026.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
          Frontenac, MO 63131
Physical: 222 Third Ave. SE
          Suite 501, Office 6
          Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
      *Attorney for Creditor DeWulf Farms, Inc.*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with the CM/ECF on July 28, 2026, and mailed, as necessary to those parties not registered with EDMS, via USPS first-class, postage fully prepaid.

*Eric J Langston*