**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| | ) | Case No. 26-594 |
| In re: | ) | (Chapter 13) |
| Clayton J. Vopelak | ) | Complaint to Determine Dischargeability |
| Debtor. | ) | of Debt and to Determine Validity, |
| | ) | Extent, Priority and Amount of Claim |

COMES NOW DeWulf Farms, Inc. ("DeWulf Farms"), which files this Complaint to Determine Dischargeability of Debt and to Determine the Validity, Extent, Priority, and Amount of its Claim, and in support thereof states as follows:

I. PARTIES

1. Plaintiff DeWulf Farms, Inc. is an Iowa corporation and a creditor of the Defendant.

2. Defendant Clayton J. Vopelak ("Vopelak") is the debtor in the above-captioned Chapter 13 case.

II. JURISDICTION

3. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

III. FACTUAL ALLEGATIONS

6. Prior to the commencement of the above-captioned bankruptcy case, Vopelak offered to sell a John Deere 7230R tractor (the "Tractor") to DeWulf Farms.

7. DeWulf Farms accepted that offer, agreed to purchase the Tractor, and paid the agreed-upon purchase price in full.

8. At Vopelak's direction, DeWulf Farms remitted the $110,000.00 purchase price to Coleton Vopelak rather than to Vopelak himself.

9. After the transaction closed, DeWulf Farms discovered that the Tractor remained subject to a lien (the "Deere Lien") held by Deere & Company or John Deere Financial (collectively, "Deere").

10. To obtain a release of the Deere Lien and protect its ownership interest in the Tractor, DeWulf Farms was compelled to satisfy the obligations that the Deere Lien secured.

11. As a direct and proximate result, DeWulf Farms sustained damages in an amount not less than $86,078.41, together with interest, costs, and such other damages as may be established at trial.

12. Vopelak knew of the Deere Lien but, before and in connection with the sale, failed to disclose its existence and did not inform DeWulf Farms that the Tractor remained encumbered.

13. During the bankruptcy proceedings, Vopelak asserted that approximately $110,000.00 had been paid to Deere and applied to another tractor loan.

14. In response, DeWulf Farms requested documentation supporting that assertion.

15. Deere personnel subsequently reported that Deere had no record of receiving any such $110,000.00 payment from Vopelak or Coleton Vopelak, and that the records Deere reviewed reflected no such payment.

16. DeWulf Farms then sought additional information and records from Vopelak concerning:

(a) the handling of the sale proceeds;

(b) transfers involving Coleton Vopelak;

(c) bank records;

(d) tax returns;

(e) financial statements; and

(f) documents supporting the asserted payment to Deere.

17. Despite Plaintiff's diligent efforts to obtain them, none of those materials had been provided as of the filing of this Complaint.

18. Many of the facts concerning the disposition of the sale proceeds remain uniquely within Vopelak's possession, custody, or control.

19. At all relevant times, Deere held a valid and perfected security interest in the Tractor sold by Defendant to Plaintiff.

20. Plaintiff acquired the Tractor in good faith and for value.

21. Following the sale, Plaintiff learned that the Tractor remained encumbered by the Deere Lien.

22. In order to preserve its ownership interest in the tractor and obtain release of the Deere Lien, Plaintiff paid funds that benefitted Defendant and discharged all or part of an obligation that otherwise remained secured by Deere's interest in the Tractor.

23. Plaintiff did not make such payment as a volunteer, but rather to protect its ownership rights in the Tractor and mitigate damages caused by Defendant's conduct.

24. Equity requires that Plaintiff succeed to the rights, remedies, priorities, and interests previously held by Deere to the extent of the amounts paid by Plaintiff.

## IV. COUNT I: 11 U.S.C. § 523(a)(2)(A)

25. Plaintiff realleges the preceding paragraphs.

26. Vopelak obtained money, property, or value from DeWulf Farms by false pretenses, false representations, or actual fraud.

27. At the time the relevant representations were made, Vopelak knew or should have known such representations were false.

28. Vopelak intended that DeWulf Farms rely upon those representations.

29. DeWulf Farms justifiably relied upon those representations.

30. As a direct and proximate result of Vopelak's conduct, DeWulf Farms suffered damages.

31. The debt owed by Vopelak to DeWulf Farms therefore constitutes a debt for money, property, services, or an extension, renewal, or refinancing of credit obtained by false pretenses, false representation, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

## V. COUNT II EQUITABLE SUBROGATION AND DETERMINATION OF VALIDITY, AMOUNT, EXTENT, AND PRIORITY OF CLAIM

32. Plaintiff incorporates and realleges the foregoing paragraphs.

33. Deere possessed rights arising from indebtedness owed by Defendant and secured by the tractor sold to Plaintiff.

34. Plaintiff paid sums necessary to obtain release of the Deere Lien and thereby satisfied all or a portion of obligations that otherwise would have remained owing by Defendant or secured by collateral transferred by Defendant.

35. Plaintiff made such payments to protect its own interests in the Tractor and not as a volunteer.

36. Defendant would be unjustly enriched if he received the benefit of Plaintiff's payment while Plaintiff is denied the rights formerly held by Deere.

37. Under the doctrine of equitable subrogation, Plaintiff is entitled to succeed to all rights, claims, remedies, priorities, and security interests held by Deere to the extent of the amounts paid by Plaintiff.

38. An actual controversy exists regarding the nature, validity, classification, amount, extent, and priority of Plaintiff's claim against Defendant and the bankruptcy estate.

39. Plaintiff is entitled to a determination that: (a) it holds an allowed claim against Defendant; (b) the claim includes all amounts paid by Plaintiff in connection with obtaining release of Deere's lien; (c) Plaintiff is equitably subrogated to Deere's rights to the extent of such payments; and (d) the claim shall be afforded the same validity, extent, and priority as Deere's claim to the extent permitted by applicable law.

## VI. RESERVATION REGARDING ADDITIONAL FACTS AND CLAIMS

40. Plaintiff has diligently sought discovery concerning the disposition of sale proceeds, transfers involving Coleton Vopelak, and the alleged payment to Deere.

41. Plaintiff expressly reserves the right to amend this Complaint upon receipt of discovery and additional records.

42. Plaintiff further reserves the right to assert additional grounds for nondischargeability, additional bases for equitable subrogation and for the determination of the validity, amount, extent, nature, classification, and priority of its claim, and any other claims supported by subsequently obtained evidence.

[*Remainder of Page Intentionally Left Blank;*
*Prayer for Relief, Date, Signature, and Certificate of Service Follow*]

## VII. PRAYER FOR RELIEF

WHEREFORE, DeWulf Farms respectfully prays that the Court: (I) enter judgment in favor of Plaintiff and against Defendant; (II) determine that the debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); (III) determine that Plaintiff is equitably subrogated to Deere's rights to the extent of payments made by Plaintiff; (IV) determine the validity, amount, extent, nature, classification, and priority of Plaintiff's claim; (V) award Plaintiff its costs as permitted by law; (VI) grant Plaintiff leave to amend this Complaint as additional evidence becomes available; and (VII) grant such other and further relief as the Court deems just and equitable.

Dated: September 17, 2026.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing: 601 S. Lindbergh Blvd.
Frontenac, MO 63131
Physical: 222 Third Ave. SE
Suite 501, Office 6
Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Creditor DeWulf Farms, Inc.*

**Certificate of Service**

I certify that I caused the foregoing to be filed with the CM/ECF on September 17, 2026, and mailed, as necessary to those parties not registered with EDMS, via USPS first-class, postage fully prepaid.

*Eric J Langston*