**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| | ) | Case No. 26-594 |
| In re: | ) | (Chapter 13) |
| Clayton J. Vopelak | ) | |
| Debtor. | ) | Motion to Extend Deadline to |
| | ) | Commence Adversary Proceeding |

COMES NOW Creditor DeWulf Farms, Inc. ("DeWulf Farms"), by and through counsel, moves for an extension of the deadline to file a complaint to determine the dischargeability of debt, and to assert any related claim for equitable subrogation, including the extent and priority thereof, and states as follows:

1. The current deadline to file a complaint seeking a determination of dischargeability is September 21, 2026.

2. DeWulf Farms is investigating potential claims arising under 11 U.S.C. § 523, as well as a potential claim for equitable subrogation.

3. DeWulf Farms' potential claim for equitable subrogation arises from payments it may have made that discharged obligations of the Debtor to a third party, entitling DeWulf Farms to succeed to the rights and priorities of the party so paid. Like the potential claims under 11 U.S.C. § 523, the equitable subrogation claim depends on facts concerning the Debtor's obligations, payments, and financial dealings that are uniquely within the Debtor's knowledge and possession.

4. In an effort to evaluate and plead any such claims with the specificity required by applicable law, DeWulf Farms propounded written discovery upon the Debtor through Debtor's counsel.

5. The discovery sought information and documents that are material to potential causes of action and are uniquely within the Debtor's possession, custody, or control.

6. Responses to DeWulf Farms' discovery requests were due on September 14, 2026.

7. On September 16, 2026, counsel for DeWulf Farms contacted counsel for the Debtor regarding the requested discovery responses.

8. As of the filing of this Motion, DeWulf Farms has not received the requested discovery responses.

9. DeWulf Farms has acted diligently in investigating its claims and timely serving discovery. However, without the requested information, DeWulf Farms' ability to fully evaluate and properly plead any nondischargeability and equitable subrogation claims is substantially impaired.

10. Cause therefore exists to extend the deadline for filing a complaint to determine dischargeability and to assert any related claim for equitable subrogation. The requested extension will allow DeWulf Farms to obtain and review the overdue discovery responses and assess the factual basis for any adversary proceeding.

11. The requested extension will not unduly prejudice the Debtor and will promote the resolution of any potential adversary proceeding on a complete and accurate factual record.

[*Remainder of Page Intentionally Left Blank;*
*Prayer for Relief, Date, Signature and Certificate of Service Follow*]

WHEREFORE DeWulf Farms respectfully requests that the Court extend the deadline to file a complaint to determine dischargeability of debt, and to assert any related claim for equitable subrogation, by sixty (60) days, or to such other date as the Court deems appropriate, and grant such further relief as is just and equitable.

Dated: September 21, 2026.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing: 601 S. Lindbergh Blvd.
Frontenac, MO 63131
Physical: 222 Third Ave. SE
Suite 501, Office 6
Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Creditor DeWulf Farms, Inc.*

**Certificate of Service**

I certify that I caused the foregoing to be filed with the CM/ECF on September 21, 2026, and mailed, as necessary to those parties not registered with EDMS, via USPS first-class, postage fully prepaid.

*Eric J Langston*