**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

In re:

| | |
|---|---|
| Clayton J. Vopelak, | Case No. 26-00594 |
| Debtor. | Chapter 13 |

**AGREED ORDER RESOLVING THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND THE DEBTOR'S OBJECTION THERETO**

Now Comes Clayton J. Vopelak (hereinafter "the Debtor") and Ford Motor Credit Company LLC (hereinafter "Ford") by their respective undersigned attorneys, and hereby submit the following agreed order resolving Ford's Motion for Relief from the Automatic Stay with respect to a 2022 Ford F-150 Crew Cab XLT EcoBoost 4WD 3.5L V6 Turbo VIN: 1FTFW1E89NFB70309 (hereinafter "the Collateral") and the Debtor's Objection thereto:

1. As of November 9, 2026, the total indebtedness owed by the Debtor to Ford was $32,489.98.
2. The Debtor shall tender the total indebtedness to Ford in the amount of $32,489.98 within thirty days of the Agreed Order being approved.
3. The Debtor's failure to tender to Ford the sum of $32,489.98 within thirty days of the Agreed Order being approved shall constitute a default by the Debtor.
4. Ford shall send the Debtor and Debtor's counsel a 15-day notice of Ford's intent to file a notice of default via U.S Mail if the Debtor fails to tender Ford the sum of $32,489.98 within thirty days of the Agreed Order being approved.
5. If the Debtor fails to tender to Ford the sum of $32,489.98 within the 15 day period referenced above, Ford may file a notice of default with the Court and upload a proposed order to the Court requesting the termination of the automatic stay imposed by Section 362(a) of the United States Bankruptcy Code ("the Code") and waiving the application of

the 14 day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(4) with respect to Ford its successors and assigns, for the purpose of Ford pursuing its nonbankruptcy rights and remedies pursuant to state law and security agreement including, but not limited to, repossession of the Collateral.

6. The automatic stay shall remain terminated, once it is lifted by the Court, in the event the Debtor converts his bankruptcy case to a different chapter under the Code.
7. The Agreed Order shall be null and void if the Debtor's bankruptcy case is dismissed or converted to a different chapter under the Code.

DATED AND ENTERED November 19, 2026

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

Submitted and Approved by:

/s/ Evan Lincoln Moscov
Evan Lincoln Moscov
P.O. Box 8305
Waukegan, IL 60079
312.969.1977
evan.moscov@moscovlaw.com

/s/ Kevin D. Ahrenholz
Kevin D. Ahrenholz
620 Lafayette Street, Po Box 178
Waterloo, IA 50704
ahrenholz@beecherlaw.com